JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612-5217
   Telephone:  (510) 637-3929
   Facsimile:  (510) 637-3724
   E-Mail:    Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 09-00775 SBA |
| ) | |
|    Plaintiff, ) | STIPULATION AND ORDER |
| ) | CONTINUING STATUS CONFERENCE |
|    v. ) | AND EXCLUDING TIME |
| ) | |
| JUAN OCTAVIANO LOPEZ, ) | |
|   aka Juan Octavio Lopez Ortiz, ) | |
|   aka Juan Lopez Gomez, ) | |
|   aka Manuel Vargas, and ) | |
| GLENDY GOMEZ, ) | |
|   aka Glendy Elizabeth Gomez, ) | |
| ) | |
|    Defendants. ) | |
|                                     ) | |

      Plaintiff, by and through its attorney of record, and defendants, by and through their counsel of record, hereby stipulate and ask the Court to find as follows:

      1.    A status conference in this matter is currently scheduled for 9 a.m. on Tuesday, May 18, 2010.

      2.    The parties request that this hearing be continued until 9 a.m. on Tuesday, June 22, 2010, in order to provide defendants' counsel with additional time to evaluate the evidence in this case and determine whether or not defendant should enter a change of plea or file motions

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME

and to prepare for trial in this matter.

3. Specifically, defendants' counsel needs the continuance in order to review discovery with defendants, investigate the case, and develop a motions and/or trial strategy in light of the discovery. The parties believe that failure to grant the above-requested continuance would deny defendants' counsel and defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence and that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

4. Thus, the parties respectfully request that the Court find that the time period from May 18, 2010, to June 22, 2010, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence.

IT IS SO STIPULATED.

                                      JOSEPH P. RUSSONIELLO
                                      United States Attorney

Dated: May 12, 2010                     /s/
                                        GARTH HIRE
                                        Assistant United States Attorney

                                        Attorney for United States of America

Dated: May 12, 2010                     /s/
                                        GILBERT EISENBERG

                                        Attorney for Defendant
                                        Juan Octaviano Lopez

Dated: May 12, 2010                     /s/
                                        RANDALL KNOX

                                        Attorney for Defendant
                                        Glendy Gomez

**ORDER**

FOR GOOD CAUSE SHOWN, IT IS SO FOUND AND ORDERED THAT:

1. The currently scheduled May 18, 2010, status conference hearing is vacated. A status conference hearing is now scheduled for 9:00 a.m. on June 22, 2010.

2. The time period from May 18, 2010, to June 22, 2010, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendants' request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence.

DATED: 5/13/10

_____
HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE