JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612-5217
   Telephone:  (510) 637-3929
   Facsimile:   (510) 637-3724
   E-Mail:     Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-00775 SBA |
|     Plaintiff, | STIPULATION AND ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME |
|   v. | |
| JUAN OCTAVIANO LOPEZ,<br>  aka Juan Octavio Lopez Ortiz,<br>  aka Juan Lopez Gomez,<br>  aka Manuel Vargas, and<br>GLENDY GOMEZ,<br>  aka Glendy Elizabeth Gomez, | |
|     Defendants. | |

      Plaintiff, by and through its attorney of record, and defendants, by and through their counsel of record, hereby stipulate and ask the Court to find as follows:

      1.    A status conference in this matter is currently scheduled for 2 p.m. on Tuesday, July 20, 2010.

      2.    The parties request that this hearing be continued until 9 a.m. on Tuesday, September 21, 2010, in order to provide defendants' counsel with additional time to evaluate the evidence in this case and determine whether or not defendant should enter a change of plea or

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME

file motions and to prepare for trial in this matter.

3. Specifically, a new attorney, Lynn Keslar, was just appointed on Friday, July 16, 2010, to represent defendant Juan Lopez. Obviously, Ms. Keslar needs the continuance in order to review discovery with her client, investigate the case, and develop a motions and/or trial strategy in light of the discovery. Counsel for defendant Gomez also requires the coninuance in order to review discovery with his client, investigate the case, and develop a motions and/or trial strategy in light of the discovery. The parties believe that failure to grant the above-requested continuance would deny defendants' counsel and defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence and that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

4. Thus, the parties respectfully request that the Court find that the time period from July 20, 2010, to September 21, 2010, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence.

IT IS SO STIPULATED.

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: July 19, 2010       /s/
GARTH HIRE
Assistant United States Attorney

Attorney for United States of America

Dated: July 19, 2010       /s/
LYNN KESLAR

Attorney for Defendant
Juan Octaviano Lopez

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME            2

Dated: July 19, 2010                 /s/
                                    RANDALL KNOX

                                    Attorney for Defendant
                                    Glendy Gomez

**ORDER**

FOR GOOD CAUSE SHOWN, IT IS SO FOUND AND ORDERED THAT:

1. The currently scheduled July 20, 2010, status conference hearing is vacated. A status conference hearing is now scheduled for 9:00 a.m. on September 21, 2010.

2. The time period from July 20, 2010, to September 21, 2010, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendants' request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence.

DATED: 7/19/10                   *Saundra B Armstrong*
                               HONORABLE SAUNDRA BROWN ARMSTRONG
                               UNITED STATES DISTRICT JUDGE